UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and EILEEN SULLIVAN,<br><br>                    Plaintiffs,<br>        v.<br><br>UNITED STATES BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>                    Defendant. | Civil Action No. 1:18-cv-2902<br>ECF Case<br><br><br><br><br>**COMPLAINT** |

### INTRODUCTION

Plaintiffs The New York Times Company and Eileen Sullivan, by their undersigned attorneys, allege:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief brought by Plaintiffs.

2. By this action, Plaintiffs seek to compel defendant, the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), to release records responsive to a FOIA request properly made by Plaintiffs.

3. The FOIA requests underlying this action seek records of internal and external communications relating to the regulation of bump stocks for AR-15-type rifles.

### PARTIES

4. Plaintiff The New York Times Company publishes *The New York Times* newspaper and operates the online news platform www.nytimes.com, and is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

5. Plaintiff Eileen Sullivan is a reporter in *The New York Times*'s Washington, D.C. Bureau and an employee of The New York Times Company.

6. Defendant ATF is a federal government agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551 that has possession and control of the records that Plaintiffs seek.

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the defendants pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

9. ATF has failed to meet the statutory deadline set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)-(B). Plaintiffs have therefore exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

**FACTS**

10. "Bump stocks," or "replacement shoulder stocks," are devices that can be attached to semiautomatic rifles to allow them to fire more quickly, therefore allowing them to more closely approximate fully automatic capabilities.

11. On October 5, 2017, Plaintiffs submitted a FOIA request (No. 2018-0021) to ATF seeking "all communications from 2008 to [the] present day about bump stocks and/or replacement shoulder stocks for an AR-15 type rifle between the Bureau of Alcohol, Tobacco, Firearms and Explosives" and the parties listed below:

    a. Members of Congress and/or their staff

    b. Bump Fire Systems

    c. Slide Fire Solutions

    d. The National Rifle Association

      e.      The National Shooting Sports Foundation

      f.      Safari Club International

      g.      Gun Owners of America

      h.      National Association for Gun Rights

12. The request further sought "all communications within the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding the evaluation of bump stocks and/or replacement shoulder stocks for an AR-15 type rifle from 2008 to [the] present day."

13. The request sought expedited processing because Plaintiffs had demonstrated a compelling need for the records based on their connection to the public debate about gun rights and gun control.

14. The request further requested a fee waiver because Plaintiffs were representatives of the news media and the records sought concerned a matter of current exigency to the American public; their delay would compromise a significant recognized interest; and they concern federal government activity.

15. On October 18, 2017, ATF acknowledged receipt of the request and indicated that it had been assigned to the "complex" processing track. It stated that it had not yet made a determination on the request for a fee waiver, but would not charge search fees since Plaintiffs were representatives of the news media. It further denied the request for expedited processing because it could not identify a particular urgency to inform the public.

16. The ATF has failed to issue a response to the request within twenty business days, as required by FOIA. 5 U.S.C. § 552(a)(6)(A)-(B).

## COUNT I

17.　Plaintiffs repeat, reallege and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

18.　Defendant ATF is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exception.

19.　ATF has failed to act on Plaintiffs' request within the twenty business days required by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)(i).  Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

20.　ATF has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

21.　Accordingly, Plaintiffs are entitled to an order compelling ATF to produce records responsive to their FOIA request.

\* \* \* \* \* \*

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request this Court to:

1. Declare that the records sought in Plaintiffs' FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2. Order ATF to provide the requested documents to Plaintiffs within twenty business days of the Court's order;

3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: April 2, 2018

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MEDIA FREEDOM AND INFORMATION

4

ACCESS CLINIC

By: /s/ John Langford
John Langford, Supervising Attorney
Charles Sims, Supervising Attorney
Allison Douglis, Law Student Intern
Jeffrey Guo, Law Student Intern
MEDIA FREEDOM & INFORMATION ACCESS CLINIC
ABRAMS INSTITUTE
Yale Law School
P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-5831
Fax: (203) 432-3034
john.langford@ylsclinics.org
*Counsel for Plaintiffs*